Filed 4/17/26  P. v. Pfeifer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DARRIN SCOTT PFEIFER,<br><br>    Defendant and Appellant.</td><td>E084971<br><br>(Super.Ct.No. PEF001177)<br><br>OPINION</td></tr>
</table>

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Reversed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Assistant Attorney General, Collette C. Cavalier and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Darrin Pfeifer contends he was entitled at his resentencing hearing held under Penal Code section 1172.75 to have the trial court consider striking one or more of his prior strikes. (See Pen. Code,[1] § 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).) The People concede, and we agree as we briefly explain *post*, that case law since the trial court's ruling indicates that *Romero* motions at section 1172.75 resentencing hearings are not barred as the trial court found, but entitled to full consideration. Defendant is also correct ,as the People concede, that the trial court must recalculate his custody credits at resentencing on remand.

**BACKGROUND**

The relevant background is brief. In September 1998, a jury found defendant guilty of three felony counts in resorting to eviction by self-help. The counts in reverse order were assault with a deadly weapon (§ 245, subd. (a)(1), count 3), threatening the victim with great bodily injury or death (§ 422; count 2; see also § 12022, subd. (b) [arming enhancement, a pipe]), and unlawful interference with a telephone line (§ 591; count 1). The trial court found defendant committed three prior strikes and served three prior prison commitments. Defendant's aggregate sentence totaled 28 years to life, comprised of a "Three Strikes" law indeterminate term of 25 years to life, plus a year for each of defendant's three prison priors.

After Proposition 36 became law, by which the electorate enacted the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

(Reform Act) to reform the Three Strikes law, defendant filed a petition under section 1170.126 for recall of his sentence. The trial court denied the petition, finding that defendant's criminal threats conviction constituted a serious felony, rendering him ineligible for recall of his sentence under section 1170.126. This court affirmed the ruling. (See *People v. Pfeifer* (May 1, 2014, E059189) [nonpub. opn.]; see generally *People v. Terwilligar* (2025) 109 Cal.App.5th 585, 593-594 [summarizing the Reform Act and § 1170.126].)

Following the later enactment of section 1172.75, the trial court held a resentencing hearing at which it struck defendant's three one-year prison prior terms (former § 667.5, subd. (b)), reducing his sentence to 25 years to life. The court deferred defendant's oral *Romero* motion for later consideration.

At the subsequent hearing, the court concluded that section 1172.75's provision for recall of a defendant's sentence and resentencing did not permit consideration of a new or renewed *Romero* motion. In the trial court's words, relying on recent appellate decisions, the court reasoned that legislation purporting to authorize "resentencing of somebody who is otherwise ineligible under Prop 36," as codified in section 1170.126, would amount to an unauthorized amendment of the proposition. The court relied on *People v. Guevara* (2023) 97 Cal.App.5th 978 and *People v. Santos* (2024) 100 Cal.App.5th 666, both of which have been subsequently overturned by our state high court. (See *People v. Guevara* (2025) 18 Cal.5th 838, 878 (*Guevara*) [reversing Court of Appeal decision]; *People v. Santos* (2025) 579 P.3d 1174, 339 Cal.Rptr.3d 431 [memorandum order

3

depublishing Court of Appeal opinion and transferring matter for reconsideration in light of *Guevara*].)  Defendant appeals the denial of his *Romero* motion at the hearing.

**DISCUSSION**

Defendant argues he is entitled to consideration of his *Romero* motion and the People agree.  The high court's ruling in *Guevara* is not to the contrary.  The court there expressly declined to "consider or resolve whether trial courts may strike prior strike offenses pursuant to [*Romero*] and section 1385, subdivision (a) at a section 1172.75 resentencing."  (*Guevara*, *supra*, 18 Cal.5th at p. 854, fn. 5.)  Instead, the "narrow issue presented" in *Guevara* was "whether the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75 of a nonserious, nonviolent third strike offender whose strikes remain intact."  (*Id*. at p. 854, fn. omitted.)  The court endorsed the defendant's request there for resentencing as a second striker as provided for in the Reform Act, with the proviso that the trial court in doing so at a section 1172.75 resentencing must "incorporat[e] section 1170.126's discretionary public safety override."  (*Guevara*, at p. 862.)  That issue is not pertinent here to whether defendant is entitled to consideration of his *Romero* motion or is barred altogether.

Defendant and the People instead agree that authority since the trial court's ruling provides the applicable rationale under which defendant's *Romero* motion should be considered.  (See *People v. Rogers* (2025) 108 Cal.App.5th 340 (*Rogers*).)  In particular, *Rogers* explained that "[b]ecause a trial court's power under section 1385(a) to dismiss or strike a strike prior is independent of either the Three Strikes law or the subsequent

4

Reform Act, any exercise of that power at a resentencing proceeding under section 1172.75 does not offend either." (*Id*. at p. 362.)

Concurring with defendant that consideration of defendant's *Romero* motion is appropriate, the People emphasize well-established law that "[t]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425.) The People agree with remand for a further hearing here because defendant "was not asking for the court to strike a non-violent strike pursuant to [section] 1170.126, he was asking the court to exercise its discretion under section 1385 and *Romero* to strike a strike as part of his resentencing under section 1172.75." (Accord, *Guevara*, *supra*, 18 Cal.5th at p. 854 [the Attorney General in proceedings there similarly "conceded that section 1172.75 is a permissible alternative resentencing method for third strike offenders, and upon recall, defendants like Guevara were no longer 'presently serving' indeterminate third strike sentences"].)

With the established and latest authority both contrary to the trial court's ruling, and no support for the ruling by the People or in our review on the present record, we reverse and remand the matter for the trial court to hear and consider defendant's *Romero* motion. We express no opinion on the merits of the motion, which rest in the trial court's sound discretion to evaluate. (*People v. Carmony* (2004) 33 Cal.4th 377-378.) Defendant is entitled to recalculation of custody credits at the close of the hearing, whether the trial court resentences him to 25 years to life or imposes a different sentence. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 41.)

## DISPOSITION

The trial court's resentencing ruling is reversed and the matter is remanded for resentencing.  Defendant's *Romero* motion must be considered at the hearing and his custody credits recalculated as of the resentencing date.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

6